The Honorable Dave Bisbee State Representative 174 Pyramid Drive, Route 1 Rogers, AR 72756
Dear Representative Bisbee:
This is in response to your request on behalf of Rogers Fire Chief Kenneth D. Riley for an opinion concerning workers' compensation coverage for firefighters pursuant to Act 796 of 1993. Your question has been paraphrased as follows:
 Are cardiac or respiratory injuries suffered by firefighters in the line of duty considered compensable injuries under the new workers' compensation provisions of Act 796 of 1993?
It is my opinion that the answer to your question is fact-specific and will require a case-by-case analysis of the particular injury with a view to all the surrounding circumstances.
Section 8 of Act 796 indicates that A.C.A. § 11-9-101 etseq. (the Workers' Compensation Law) is amended to add, interalia, the following provision at § 11-9-114:
 (a) A cardiovascular, coronary, pulmonary, respiratory or cerebrovascular accident, or myocardial infarction causing injury, illness or death is a `compensable injury' only if in relation to other factors contributing to the physical harm an accident is the major cause of the physical harm;
 (b) An injury or disease included in subsection (a) shall not be deemed to be a `compensable injury' unless it is shown that the exertion of the work necessary to precipitate the disability or death was extraordinary and unusual in comparison to the employee's usual work in the course of the employee's regular employment, or alternately, that some unusual and unpredicted incident occurred which is found to have been the major cause of the physical harm. Stress (physical or mental) shall not be considered in determining whether the employee or claimant has met his burden of proof.
Accordingly, in order for an injury in the category of those set out in § 11-9-114 to be compensable, a claimant must prove 1) that there was an accompanying accident which was the major cause of the harm, and 2) that the exertion on the claimant was extraordinary and unusual in comparison to his normal work, or that an unusual and unpredicted incident occurred which was the major cause of the physical harm.
A claimant who meets the above test will have a compensable injury. Whether any particular injury is compensable will be a question of fact and must be looked at with a view to all of the surrounding circumstances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh